## CONFER BROS. INC. v. EVA M. WINTERS.[1]

April 25, 1947.

No. 34,333.

*G. F. Mantz* and *Arthur C. Wangaard,* for appellant.
*Bowen & Bowen,* for respondent.

MATSON, JUSTICE.

Appeal from an order denying defendant's motion for a new trial.

On September 26, 1945, defendant telephoned to plaintiff's agent, Reynolds, that she had a residential property at 4724 First avenue south, Minneapolis, Minnesota, which she wished to list with plaintiff for sale. The same day Reynolds called on her personally, and at that time she signed a sales commission contract dated October 1, 1945, by the terms of which she granted to plaintiff the exclusive right to sell said property within a period expiring two months from the date thereof. After affixing her signature, defendant delivered the contract to Reynolds, together with a key to the premises, and requested that he pick up another key which she had left with a neighbor. Reynolds, after having first inspected the property, took

[1]Reported in 27 N. W. (2d) 247.

the contract to plaintiff's office, where it was signed by plaintiff's president. On September 28, plaintiff advertised the premises for sale in the city newspapers. On this latter date, defendant telephoned Reynolds to inquire if he had picked up the extra key, and in this telephone conversation she authorized an advertisement in the Sunday papers soliciting an examination of the premises by prospective purchasers on Sunday, September 30. On Monday, October 1, defendant, *according to her own testimony,* telephoned plaintiff's office to inquire what results had been obtained from the Sunday advertisements. At that time Reynolds testified that she told him to proceed with the advertising and sell the property. Appropriate sales advertisements were again inserted in the Monday papers. On Wednesday, October 3, defendant notified plaintiff that she had sold the house herself. Plaintiff, by its complaint, in a suit for the recovery of a five percent sales commission, alleged the execution and delivery of the aforesaid exclusive sales contract to take effect from the date thereof.

Defendant's answer, which first set forth a general denial, alleged that she had informed Reynolds in advance that she already had an exclusive listing with the Joslyn Realty Company, Inc. for the sale of the same premises and, being uncertain as to the exact date of the expiration of such listing with the Joslyn firm, that she executed the exclusive listing with plaintiff "in reliance of [*sic*] the promise [of plaintiff's agent] that said exclusive listing would not become effective until the expiration of the listing with the Joslyn Realty Incorporated, * * *." The answer further alleges the sale of the property for $9,500 pursuant to the listing with the Joslyn firm.

The contract, together with testimony as to its execution and delivery and as to the efforts of plaintiff to make a sale of the property, was received in evidence. Plaintiff then rested, whereupon defendant made an offer of proof to show that, although the exclusive sales contract was signed and executed, "it was not to become operative until after the expiration of the exclusive sales contract of the Joslyn Realty Company." Plaintiff objected to the admission of such testi-

mony on the ground that the same constituted "an attempt to vary the terms of a written instrument, the execution of which has been admitted and which is in evidence and into which are merged the conversation and negotiations." The objection was sustained. Objections to the admission of the Joslyn contract, as well as to testimony as to the commission paid the Joslyn firm, were likewise sustained. The court directed a verdict for plaintiff for $475.

It is unnecessary to consider the legal significance or effect of the condition which might have been established by the oral evidence which defendant sought to introduce for the purpose of showing that the contract was delivered on the condition that it was not to go into effect until the Joslyn contract expired. It is unnecessary for the reason that, if the contract was in fact delivered to plaintiff on the express condition that it was not to go into operative effect until the Joslyn contract had expired, such condition was subsequently waived by the parties through acts of part performance. Simultaneously with the signing and delivery of the contract, which is admitted, defendant delivered to plaintiff's agent a key to the premises. Plaintiff inspected the premises at once and inserted advertisements in the newspapers on September 28 and again on September 30. On September 28, defendant telephoned Reynolds to inquire whether he had obtained the extra key, and at that time she specifically authorized the advertising of an open house for Sunday. Particularly significant is the fact that on October 1, the day on which the contract by its own written terms went into effect, defendant, *according to her own testimony*, recognized the contract to be in full operative force by telephoning to plaintiff's office to inquire what returns had been obtained from the advertisements. Defendant, by her conduct, involving both acceptance and express approval of plaintiff's efforts rendered pursuant to the terms of the written contract, thereby waived any condition preventing the contract as written from going into operation and recognized that it was in full force and effect. Obviously, where the parties to a written contract execute and deliver such instrument on the express condition that it shall not become binding or go into operative effect until a future day or

until the happening of a future event, the parties thereto may by subsequent acts of performance, in recognition of and in reliance upon the written terms of such instrument, waive such condition and thereby bring the contract into immediate effect as written. In the instant case, such waiver of condition made any testimony as to the existence of an oral agreement for conditional delivery wholly immaterial, and on this basis the order of the trial court is affirmed. For the same reason, we find no error in the exclusion of evidence pertaining to the Joslyn contract and to the sales commission paid that firm.

The order of the trial court is affirmed.

Affirmed.